IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INVISIBLE STRIPES, LLC, | |
|     Plaintiff, | No. C 09-01133 JSW |
|   v. | |
| LOUIS VIRAG, | **ORDER DENYING MOTION TO DISMISS OR TO TRANSFER** |
|     Defendant. | |

Now before the Court is Defendants' motion to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, to transfer the case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES Defendants' motion to dismiss or to transfer venue.

**BACKGROUND**

The Court takes as true the facts alleged in the complaint. Plaintiff Invisible Stripes, LLC ("Invisible Stripes") is a limited liability company formed and operating under the laws of the State of California. (Complaint at ¶ 1.) Defendant Louis Virag ("Virag") is an individual and resident of New York who, from February 2006 to January 2009 was employed by clothing retailer Against All Odds USA Inc. ("AAO"). (*Id.* at ¶¶ 2, 5.) AAO was a corporation with its principal place of business in the State of New Jersey. (*Id.* at ¶ 5.)

On or about August 12, 2008, Invisible Stripes and AAO entered into a written contract

(hereinafter referred to as the "Credit Application and Guarantee") whereby Invisible Stripes agreed to establish a trade account to allow AAO to purchase goods on the extension of credit. Virag signed the Credit Application and Guarantee as the Guarantor for AAO. (*Id.* at ¶¶ 6-7.) AAO agreed to pay all invoices from Invisible Stripes under the trade account established within 30 days of such invoices and defendant Virag promised and covenanted that if AAO failed to perform all covenants and conditions required, Virag would pay Invisible Stripes all sums owed and money damages therefrom that might accrue by reason of AAO's breach of the agreement. (*Id.* at ¶¶ 8, 12.) Subsequently, Invisible Stripes pleads that it performed all covenants and conditions required of it by producing and shipping 7,700 t-shirts ordered by AAO, and billing AAO invoices totaling $77,080.00. (*Id.* at ¶ 13.)

Invisible Strikes sues for breach of contract and failure to comply with California Civil Code § 2807 which provides that a surety/guarantor is liable for payment to a creditor immediately upon the default of the principal. Jurisdiction is proper under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

Defendant Virag moves to dismiss the complaint for lack of personal jurisdiction or, in the alternative, for an order transferring venue to the United States District Court for the District of New Jersey.

**ANALYSIS**

**A.    Motion to Dismiss for Lack of Personal Jurisdiction.**

Defendant Virag moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Plaintiff bears the burden of establishing a *prima facie* showing of general or specific jurisdiction over each and every defendant it has sued. *Calder v. Jones*, 465 U.S. 783, 790 (1984); *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007) (noting that the plaintiff bears the burden to establish personal jurisdiction).

"Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long arm-statute permits the assertion of jurisdiction without violating federal due process." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004). Because

1  California's long arm statute is co-extensive with federal due process requirements, the
2  jurisdictional analyses under California law and federal due process are the same. *Id.* at 801.
3        Due process precludes a court from asserting jurisdiction over a defendant unless the
4  defendant has certain minimum contacts with the forum state. The overriding constitutional
5  principle is that maintenance of an action in the forum must not offend "traditional
6  conception[s] of fair play and substantial justice." *International Shoe Co. v. Washington*, 326
7  U.S. 310, 320 (1945). The defendant's "conduct and connection with the forum State" must be
8  such that the defendant "should reasonably anticipate being haled into court there." *World-*
9  *Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "In judging minimum contacts,
10 a court properly focuses on 'the relationship among the defendant, the forum, and the
11 litigation.'" *Calder*, 465 U.S. at 788 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "A
12 defendant whose contacts with a state are 'substantial' or 'continuous and systematic' can be
13 haled into court in that state in any action, even if the action is unrelated to those contacts."
14 *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing
15 *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415 (1984)). As the Ninth
16 Circuit explained in *Bancroft & Masters*, this is a "fairly high" standard which "requires that the
17 defendant's contacts be of the sort that approximate physical presence in the state." *Id.*
18       There are insufficient allegations to demonstrate a connection between Virag and
19 California to justify the assertion of general jurisdiction. However, the allegations in the
20 complaint state that when Invisible Stripes entered into an agreement with AAO, Virag agreed
21 in writing to be personally liable for the repayment of debts incurred by AAO and to litigate any
22 dispute arising out of the enforcement of the guarantee in San Francisco, California based on a
23 forum selection clause contained in the Credit Application and Guarantee. Parties to a contract
24 may consent to litigate their disputes in a particular forum by inserting a forum selection clause
25 in the contract. *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315 (1964). "To
26 the extent that parties have consented to personal jurisdiction in a certain forum, application of a
27 forum state's long-arm statute and analysis of a party's contacts with the forum state are
28 unnecessary." *Electronic Realty Associates, L.P. v. Vaughan Real Estate Inc.*, 897 F. Supp.

521, 523 (Kan. 1995)[1]; *see also United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 929 n.14 (9th Cir. 2009) (finding that a contract's forum selection clause is consent to personal jurisdiction and venue).

"Forum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (emphasis and brackets in original) (*citing M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Forum selection clauses are presumptively valid unless the party challenging enforcement can demonstrate that the clause is invalid or that its enforcement would be unreasonable. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004). The party challenging the clause bears a heavy burden and "must clearly show that enforcement would be unreasonable or unjust, or that the clause was invalid for reasons such as fraud or over-reaching." *Id.* (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

On reply, defendant Virag, again citing out-of-state authority, contends that the forum selection clause in the parties' contract should not be enforced because it is illegible. However, the Court has reviewed the attachment to the complaint, and it is clear that the parties agreed to a forum selection clause for litigating their disputes in this forum. Regardless, the only dispute between the parties regards the signing of the contract by Virag as a guarantor with a California company. Therefore, regardless of the forum selection clause, the Court finds there are adequate facts alleged giving rise to specific jurisdiction. Therefore, the Court finds jurisdiction is proper here.

---

[1] It is entirely unclear to the Court why both parties repeatedly rely on out-of-state, non-binding authority for basic propositions of law. The Court cites this Kansas case because it was the primary source of legal authority relied upon by Plaintiff. However, both parties are admonished hereinafter to rely upon binding authority in motions before this Court.

4

**B.     Alternative Motion to Transfer.**

In the alternative, defendant Virag seeks to transfer this action to the District of New Jersey. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice. As the moving party, Defendant bears the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In order for a district court to transfer an action under section 1404, the court must make the following two findings: (1) that the transferee court is one where the action "might have been brought," and (2) that the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). There is no dispute in this case that Plaintiff could have brought this suit in the District of New Jersey. Accordingly, Virag has met his burden under the first prong.

To determine whether Virag has met his burden on the second prong, the Court considers the following factors: Plaintiff's choice of forum; convenience of the parties and witnesses; ease of access to sources of proof; local interest in the controversy; familiarity of each forum with the applicable law; and relative congestion in each forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

**1.     Plaintiff's Choice of Forum.**

Typically, a court should give a plaintiff's choice of forum great deference unless the defendant can show that other factors of convenience clearly outweigh the plaintiff's choice of forum. *Decker Coal Co.*, 805 F.3d at 843. The fact that jurisdiction is proper in the Northern District is not dispositive of the issue of whether transfer is appropriate under § 1404(a). *See* 28 U.S.C. § 1404(a). Here, Plaintiff is a California citizen and therefore its choice of forum is

given great weight. There are no countervailing facts diminishing this deference. On this record, the Court finds this factor weighs strongly against transfer.

### 2.    The Convenience of the Parties and Witnesses.

In addition to considering Plaintiff's choice of forum, the Court takes into account the relative convenience to all the parties and their witnesses. *See Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Corp.*, 330 U.S. at 508). Defendant Virag argues that it would be more convenient to litigate this matter in the New Jersey because relevant witnesses, current and former employees of AAO, reside near AAO's New Jersey offices. (Supplemental Declaration of Louis Virag, ¶¶ 3, 4.) However, Virag fails to specify any particular witnesses and Plaintiff's place of principal business as well as all of its officers and witnesses are present in San Francisco. This factor weighs against transfer.

### 3.    The Ease of Access to Sources of Proof.

Access to evidence is another factor that may favor transfer. *Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Co.*, 330 U.S. at 508). Plaintiff contends that all of Plaintiff's books and records are located in this jurisdiction while Virag argues that the probative documentary evidence is in control of AAO in New Jersey. Therefore, on balance, this factor is in equipoise. The Court similarly finds the local interest, familiarity of each forum with the applicable law and the relative congestion in each forum to be factors which fail to tip the balance. Lastly, the presence of a forum selection clause in the operative contract weighs in favor of this Court retaining jurisdiction. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (holding that the presence of a forum selection clause may be a factor in the balance of factors in determining whether transfer is in the interest of justice).

In sum, the Court finds that although this case could have been brought in New Jersey, the balance of factors weighs against transfer.

**CONCLUSION**

For the reasons state herein, Defendant's motion to dismiss or, in the alternative, to transfer to the District of New Jersey is DENIED. The parties shall appear for a case management conference on August 28, 2009 at 1:30 p.m. An updated joint case management statement shall be filed no later than August 21, 2009.

**IT IS SO ORDERED.**

Dated: July 8, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE